## OTTGEN v GAREY

Ohio Appeals, 6th Dist, Lucas Co

No 2743. Decided Feb 2, 1933

William A. Finn, Toledo, and Keenan & Butler for plaintiff in error.

Fraser, Hiett, Wall & Effler, Toledo, for defendant in error.

KLINGER, J.

We will consider these propositions in their inverse order.

It is claimed the court did not correctly state the law as to the burden of proof. While there is probably some ground for criticism of the language used, nevertheless the jury could not help but understand the language used by the court, and that language placed the burden of proof upon the plaintiff as to each of the material averments of the petition and as to each of the material facts in dispute, and hence we do not feel that any prejudice was suffered by the de-

fendant on this ground.

Misconduct of counsel. The record is quite pregnant with outbursts of wit and humor, as well as sarcasm, on the part of counsel on both sides. In passing, we will say we believe it is a debatable question as to who had the better of the contest in this regard, which we will not attempt to decide. Whatever expressions were used that were censurable on either side, in the opinion of this court they were provoked by counsel upon the other side, and for this reason we do not feel that we would be justified in reversing the case on this ground.

The next question is the admission and rejection of evidence. Our attention is directed particularly to the testimony offered from pages 119 to 121 of the record, by the witness Harry L. Johnson. In the opinion of this court, if the trial court was in error in not admitting this evidence, we do not believe its exclusion could or did materially affect the final determination of the case.

As to the X-ray exhibits of Doctor Murphy concerning which much conflict arose, in the opinion of this court when the trial court ruled that the testimony would be permitted providing counsel, by some testimony, would show that these exhibits were plates taken of this plaintiff, ruled correctly and it was up to the plaintiff to show that they were taken of this plaintiff, and if the plaintiff failed to do this, they certainly would not be competent. No such evidence was thereafter offered.

Exceptions were taken to the admission of Plaintiff's Exhibits 15 and 26, as set forth in the record at page 329. This has special reference to the testimony of Doctor Brown and was offered for the purpose of impeaching his testimony as to the injury suffered by the plaintiff. In the light of the testimony of Doctor Brown in which he admits he did so answer the interrogatories of the insurance company as set forth in exhibits 15 and 26, we find no error in their admission.

Coming now to consider the question as to the weight of the evidence. There is a conflict in the proof as to whether Ottgen was the driver of the automobile that struck Garey. Ottgen and his wife, his father and mother, a Mr. and Mrs. Redd, as well as his guests Mrs. Nina Carolus, Lillian E. Dickinson and Theodore R. Scherer, all testified that Mr. Ottgen was at his home during all the time laid in the plaintiff's petition and was not near the place of the accident. The plaintiff counters this with his own testimony and the testimony of a Mr. Christian. However, there is a conflict between Mr. Garey and Mr. Christian in their description of the automobile and the occupants of the automobile, that would materially affect the weight to be given to their testimony. Mr. Christian testified that there were but three occupants in the automobile, namely, Mr. Ottgen, Mrs. Redd, and another lady. Mr. Garey testified that there were two men in the front seat of the automobile and that a child was on the lap of the man sitting beside Mr. Ottgen, and that three ladies were sitting in the rear seat of the automobile. This conflict between the only two witnesses offered by the plaintiff, materially affects the credibility and weight to be given to their testimony. If the excitement affected their mental processes to the extent that they would differ on these details, it would be fair to infer that their ability to identify the driver of the automobile would be equally unreliable.

In the light of this evidence, the verdict is so clearly unsupported by the weight of the evidence as to indicate some misapprehension or mistake or bias on the part of the jury, or a wilful disregard of duty, and under the law as laid down in 4 Oh St, 566, and 13 Oh St, 115, the case should be reversed on the ground that the verdict is contrary to the weight of the evidence.

Judges Crow and Kinder are of opinion, and so hold, that the rule announced and applied in 22 Oh St, 118, 134 and kindred cases, precludes reversal of the judgment on the ground that the verdict is against the weight of the evidence. They realize the inconsistencies in the testimony introduced on behalf of plaintiff, regarding the description of the occupants of the car, other than defendant, but they would follow the settled doctrine that inconsistencies are to be resolved by the jury. They see no conflict at all in the testimony of plaintiff and his witness Christian, in the matter of the positive identification of the person of defendant, as being the one who drove the car.

Moreover, they cannot escape the force of the facts that two juries have found for plaintiff on all the issues requisite to his recovery, and two trial judges severally overruled the motions to set aside the verdicts, and that the Court of Appeals by the resident judges, found that the trial judge did not err in overruling the motion for new trial as to the verdict first rendered, in its relation to the weight of the evidence, the case being reported in 41 Oh Ap 449, (12 Abs 170).

Therefore the judgment must be affirmed, which is done without penalty.

Before JUDGES CROW, KLINGER and KINDER of the Third District, sitting in place of JUDGES LLOYD, WILLIAMS and RICHARDS of the Sixth District.